Nott, J.,
delivered the opinion of the court:
In these cases, which are brought to recover various amounts under the Joint Resolution 28th February, 1867, (14 Stat. L., p. 569,) and which number several hundred, the court adheres to the decisions previously rendered, and to the constructions of the joint resolution previously given. We now merely segregate a number of cases, each representing a specific class under the decision to which they respectively belong.
Among those which come under the favorable construction of Mallory's Case (3 C. Cls. R., pp. 257, 260, 263, 265, 267) are the following:
Neuman's Case, which is that of a member of the Capitol police.
Harris's Case, that of a watchman on the Capitol grounds.
Fitzpatrick's Case, that of a keeper of the -western gate of the Capitol.
Richard's Case, that of a watchman on the dome of the Capitol.
Lytle's Case, that of watchman on the east grounds of the Capitol.
Holbrook's Case, that of watchman at the Government stables at the Capitol.
Hall's Case, that of watchman in the crypt of the Capitol.
La Rieu's Case, that of a watchman at the Smithsonian Institution.
Bohn's Case, that of a laborer on the public grounds.
Manning's Case, that of one of the guard of the jail.
Of actions which we think fall under the decision in Baker's Case (4. C. Cls. R., p. 227) is that of Marche. The case is that of an assistant assessor of internal revenue whose duties were performed within the city of Washington.
We agree with the Assistant Attorney General that the claimant, as assistant assessor of internal revenue, was merely employed in one of the internal revenue districts into which the whole country is divided. The fact of his district coinciding to some extent with the city of Washington was an accident. The functions of his office did not lie within the Treasury Department at the seat of the government, within the meaning of the joint resolution, more than any other assessor’s in the country. The same rule of construction would apply to the city post office, and Congress apparently recognized it j but being *526 desirous of extending to the emploj'és of that office the benefits of the resolution, specially included it by name. This is an illustration of the maxim, much perverted and misunderstood, exceptúo probat regulara. The petition must be dismissed.
In the case of Richard Middleton, which is that of'one employed as inspector of marble at the Capitol, and paid a salary out of moneys appropriated for the Capitol extension, we do not perceive that he was one of those employés whose pay was limited by law. It would seem as if the Secretary, who once increased his salary from $100 a month to $150, might have paid him whatever his services were worth in the market: and if he had the power, the presumption is that he did so. If, on the contrary, the Secretary gave such a construction to the appropriation acts, or to the peculiar duties of the claimant, as to lead him to the conclusion that he was directly or indirectly limited to the amount which he allowed to the claimant, then justice requires that the court should adopt the conclusion of the Secretary, and view the claimant as one properly within the civil service. The case is therefore remanded to the general docket for further evidence.